NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN WAYNE FARMER,<br><br>            Plaintiff - Appellant,<br><br>    v.<br><br>DANA YOUHAS, Probation Officer,<br><br>            Defendant - Appellee. | No. 12-15852<br><br>D.C. No. 2:09-cv-02543-RCB-SPL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Robert C. Broomfield, District Judge, Presiding

Submitted January 15, 2013[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

    John Wayne Farmer appeals pro se from the district court's grant of

summary judgment in favor of probation officer Dana Youhas in Farmer's 42

U.S.C. § 1983 action.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

de novo the district court's decision to grant summary judgment, *see Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001), and we affirm.

Farmer's second amended complaint did not allege any Fourteenth Amendment claims based on allegations other than those contained in his claims asserting violations of his Fifth and Eighth Amendment rights. Moreover, Farmer's claim that Youhas deprived him of his right against self-incrimination is properly analyzed under the Fifth Amendment and not under the Fourteenth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding that, where a constitutional provision "provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims"); *see also Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012) (holding that the Fifth Amendment, not the Fourteenth Amendment, applied where plaintiff's allegations implicated the Fifth Amendment, an explicit constitutional provision).

The district court properly granted summary judgment on the Fifth Amendment claim because Farmer has presented no evidence that the statements he made during his second polygraph test were used against him in a criminal proceeding. *See Chavez v. Martinez*, 538 U.S. 760, 766-69 (2003) (Thomas, J.,

joined by Rehnquist, C.J., O'Connor, J., and Scalia, J.); *id*. at 777-78 (Souter, J., joined by Breyer, J.); *Minnesota v. Murphy*, 465 U.S. 420, 435 n.7 (1984); *see also Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (recognizing that probation revocation is not a stage of a criminal prosecution); *United States v. Nieblas*, 115 F.3d 703, 705-06 (9th Cir. 1997) (holding that it was not a *Miranda* violation to use information obtained under threat of probation revocation during a subsequent probation revocation hearing, because a probation revocation hearing is not a criminal proceeding).

On appeal, Youhas asserts that Farmer was a pretrial detainee at the time of the alleged violations and that the Fourteenth Amendment, not the Eighth Amendment, therefore applies to his deliberate indifference claim. We need not decide whether Farmer was a pretrial detainee; the same legal standards apply regardless of whether the Fourteenth Amendment governs the deliberate indifference claim or the Eighth Amendment governs the claim. *See Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The district court properly granted summary judgment on Farmer's claim of deliberate indifference. Farmer failed to raise genuine disputes of material fact regarding whether requiring him to walk briefly to and from a police car would pose a substantial risk of serious harm and regarding whether Youhas knew of such

an excessive risk. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241-44 (9th Cir. 2010). Moreover, Farmer failed to demonstrate that there was a genuine dispute of material fact regarding whether the alleged constitutional harm resulted because Youhas affirmatively acted, participated in another's affirmative acts, caused others to act, or omitted to perform an act which she was legally required to do. *See Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (en banc); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978); *see also Jones v. Williams*, 297 F.3d 930, 936 (9th Cir. 2002).

We therefore hold that the district court properly granted Youhas's motion for summary judgment.

We have considered and reject Farmer's remaining contentions, including his contention that there was error with respect to his seventh document request.

**AFFIRMED**.